STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. HARRY HEADLEY, PLAINTIFF IN ERROR.

STATE OF NEW JERSEY, DEFENDANT IN ERROR, v. JOHN E. TROUT, PLAINTIFF IN ERROR.

Argued May 1, 1934—Decided September 28, 1934.

Before BROGAN, CHIEF JUSTICE, and Justices PARKER and BODINE.

For the plaintiff in error, *Bourgeois & Coulomb*.

For the defendant in error, *Joseph Lanigan*.

The opinion of the court was delivered by

BODINE, J. The defendants, commissioners of Ocean City, were convicted of the crime of *willfully, unlawfully and intentionally* creating and delivering a note of the city of Ocean City in the sum of $250,000 for the purpose of lending the credit and money of the city to the First National Bank of Ocean City in violation of the constitution of this state. Article 1, section 19.

The indictment is sufficient. *The State* v. *The Morris Canal and Banking Co.,* 22 *N. J. L.* 537; *State* v. *Startup,* 39 *Id.* 423. The constitutional provision is explicit. The indictment alleges and charges that the breach of a positive public duty was willful and intentional. It remains to determine whether the proofs establish the fact and the conduct of the trial was without error. The two indictments are identical. The cases against the defendants were tried together.

The note purporting to be a tax anticipation note was issued under a resolution of March 2d, 1932. After issue, the city treasurer took the note to the Philadelphia Reserve Bank.

At the time the note was authorized, the city was said to be in arrears for interest, payroll and merchandise. The First National Bank of Ocean City was closed and besides the note was beyond its limit, if open. The negotiation of the note was, therefore, only possible in communities having larger banking facilities. The Philadelphia Reserve Bank in making the purchase purported to make the same from the closed Ocean City bank and also exacted an agreement of repurchase. When the Ocean City bank reopened a few days later a special deposit for $250,000 in favor of the city appeared upon its books, but checks were not to be drawn against it. A credit likewise appeared for the same amount in favor of the Ocean City bank in the Philadelphia Reserve Bank. Apparently the only institution benefited was the Ocean City bank because it obtained a cash reserve in the Philadelphia bank based upon the credit of the city.

The defendants did not take the witness stand, as they could have done, but stood mute and asked the court to take the case from the jury for want of proof that the note was issued willfully and deliberately for the purpose for which used. The authorization of the note was proved and also the use made thereof. The result contravened the positive provision of the constitution. The establishment of motive was not essential. *State* v. *Close,* 106 *N. J. L.* 321; 148 *Atl. Rep.* 764. The defendants must have known that the resolution was passed in order to enable the bank to secure the credit obtained upon the strength of which it reopened. The

defendants, with full knowledge of the acts of the city treasurer in negotiating the note in the manner recited, elected him a city commissioner as soon as a vacancy occurred. This circumstance, coupled with their failure to take the witness stand and offer an explanation of their action gives rise to a very strong inference of guilt. *State* v. *Nones*, 88 *N. J. L.* 460; 90 *Id.* 342.

The indictment charges that the city treasurer received instructions to do that which was done. This he denied on cross-examination. However, the proofs adduced and the reasonable inferences which the jury was entitled to draw from the proofs justify the submission of the issues to the jury. It was for the jurors to judge the truth of the testimony. A mere denial of certain facts would not justify the trial court in withdrawing the case from the jury when, from the whole evidence and the reasonable inferences therefrom, the allegations of the indictments could be sustained.

The court quite properly charged the jury as to the presumption of innocence and the burden of proof, but said: "* * * If the State has proved its charges by the testimony and by the facts, beyond such doubt as I have defined, then you must find the defendants guilty as charged. But if the state has failed to so prove its charges, and the defendants have caused you to entertain and believe that such a doubt actually exists, then you must find them not guilty." A reading of this excerpt leads to the inevitable conclusion that harmful error occurred. The jury was told that it was not when the state failed to prove its case that the defendants should be acquitted but when in addition they, the defendants, had caused the jury to entertain and believe that a doubt of their guilt actually existed. The duty was upon the state to prove the defendants guilty beyond a reasonable doubt, and no duty was cast upon the defendants to cause the jury to entertain a doubt as to their guilt. The question is properly before us by reason of the exception taken, and since we cannot reconcile the charge of the court as consistent or sound we are constrained to grant a reversal.

The judgment is reversed.